**MOUNT WASHINGTON TANKER COMPANY, Plaintiff–Appellant,**

v.

**WAHYUEN SHIPPING, INC.; Hong Kong Ming Wah Shipping, Inc. and the M/V CRUSADER, Defendants–Appellees.**

No. 87–7060.

United States Court of Appeals,
Eleventh Circuit.

Dec. 16, 1987.

Sidney H. Schell, Mobile, Ala., for plaintiff-appellant.

Joseph M. Allen, Jr., Gregory C. Buffalow, Mobile, Ala., for defendants-appellees.

Before VANCE and CLARK, Circuit Judges, and GARZA,* Senior Circuit Judge.

PER CURIAM:

Appellant Mount Washington Tanker Company appeals the district court's grant

---

* Honorable Reynaldo G. Garza, Senior U.S. Circuit Judge for the Fifth Circuit, sitting by designation.

of summary judgment in favor of defendants Wahyuen Shipping, Inc. and Hong Kong Ming Wah Shipping, Inc. We reverse.

Appellant, owner of the SS MOUNT WASHINGTON, ("MT. WASHINGTON"), brought an action in admiralty to recover for collision damages *in personam* against Wahyuen Shipping and Hong Kong Ming Wah Shipping, the owners and operators of the M/V CRUSADER, and *in rem* against the M/V CRUSADER.[1] While maneuvering in Mobile Harbor on December 13, 1981, the M/V CRUSADER, a Panamanian flag vessel, made contact with the port side of the MT. WASHINGTON, an American flag vessel. The MT. WASHINGTON, which sustained approximately $25,000 in damages, was securely moored on the Mobile River. At the time of the allision the M/V CRUSADER and two assisting tugs were under the direction and control of Captain John H. Barrett, a compulsory Mobile Bar Pilot.[2]

The district court found that Captain Barrett was not negligent. The court concluded that "[u]nder the General Maritime Law, when a vessel is in the control of a compulsory pilot, the doctrine of *respondeat superior* is inapplicable, so that the vessel owner is not liable *in personam* for a collision."[3] The district court therefore dismissed the *in personam* defendants.

 The district court's analysis cannot be correct. When a moving vessel collides with a fixed object there is a presumption that the moving vessel is at fault. *The Oregon,* 158 U.S. 186, 197, 15 S.Ct. 804, 809, 39 L.Ed. 943 (1895); *see also The China,* 74 U.S. (7 Wall.) 53, 60, 19 L.Ed. 67 (1868) ("[T]he colliding vessel is in all cases *prima facie* responsible."); *Brown & Root Marine Operators v. Zapata Offshore Co.,* 377 F.2d 724, 726 (5th Cir.1967). Where the moving vessel is under the control of a compulsory pilot, the owner may escape liability "only where the pilot is actually in charge of the vessel, and solely in fault." *The China,* 74 U.S. at 60; *see Amoco Oil v. M/V MONTCLAIR,* 766 F.2d 473, 475–76 (11th Cir.1985) ("*The China* is still the law.")[4] An owner's motion for summary judgment will not be granted simply because the owner submits evidence to establish that the instrumentalities under the owner's control did not contribute to the cause of the accident. The owner must instead rebut the presumption against the moving vessel by demonstrating that the compulsory pilot's negligence is the *sole* cause of the collision.

 In this case the district court found that the compulsory pilot "was not doing anything detrimental that would require the Captain to take over the ship or countermand the Bar Pilot's orders ... and the Bar Pilot did all that was possible to avoid contact with the MOUNT WASHINGTON under the circumstances...." Because the district court concluded that the compulsory pilot was not negligent, the appellees failed to prove that the pilot was solely at fault for the collision. The appellees, therefore, did not refute the presumption against the M/V CRUSADER, and the district court erred by granting summary judgment in favor of the *in personam* defendants.

REVERSED and REMANDED.

---

1. *In rem* jurisdiction has not yet attached to the M/V CRUSADER as it has not been seized.

2. Under Ala.Code § 33–4–54 (1975), "[a]ll steam or sail vessels crossing the outer bar of Mobile Bay ... shall be conducted, controlled or navigated by a pilot licensed by or under the authority of the laws of the state of Alabama."

3. The district court incorrectly applied the Supreme Court's ruling in *Homer Ramsdell Transp. Co. v. La Compagnie Generale Transatlantique,* 182 U.S. 406, 21 S.Ct. 831, 45 L.Ed. 1155 (1901). In *Homer* the Supreme Court held that "in an action at common law the shipowner is not liable for injuries inflicted exclusively by negligence of a pilot accepted by a vessel compulsorily." *Id.* at 417, 21 S.Ct. at 836.

4. While the rule that a vessel's owner is not personally liable when the vessel causes damage due to the compulsory pilot's negligence is stated by the *Amoco Oil* court, the court's decision focuses on the issue of a vessel's liability *in rem. Amoco Oil,* 766 F.2d at 475.